IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DEWEY JERNIGAN,                          )
                                         )
                    Petitioner,          )
                                         )
vs.                                      )          Case No. 02-CV-469-TCK-SAJ
                                         )
ERIC FRANKLIN, Warden,                   )
                                         )
                    Respondent.          )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding.  Petitioner is a state prisoner appearing

*pro se*.  Respondent filed a response to the petition (Dkt. # 8) and provided the state court record

necessary for resolution of Petitioner's claims (Dkt. # 7).  Petitioner filed a reply (Dkt. # 24) to

Respondent's response.  By Order filed June 26, 2006 (Dkt. # 27), the Court gave notice to the

parties that this petition is subject to dismissal as barred by the statute of limitations.  See Day v.

McDonough, 126 S.Ct. 1675, 1684 (2006). The parties were afforded the opportunity to file

responsive pleadings addressing the limitations issue. On July 17, 2006, Petitioner filed his response

(Dkt. # 28) to the Court's Order.  Respondent has not filed a response.  For the reasons discussed

below, the Court finds Petitioner has failed to demonstrate entitlement to statutory or equitable

tolling of the limitations period.  Therefore, the petition for writ of habeas corpus shall be dismissed

with prejudice as barred by the statute of limitations.

### *BACKGROUND*

In the Order filed June 26, 2006 (Dkt. # 27), the Court provided the factual and procedural

backgrounds relevant to the limitations analysis.  To summarize briefly, on April 21, 1999,

Petitioner was convicted, after a two-stage jury trial in Tulsa County District Court, Case No. CF-

1996-4128, of Unlawful Delivery of Marijuana, After Former Conviction of Two or More Felonies

(Count I), and Failure to Obtain a Tax Stamp (Count V).  The jury recommended sentences of forty-five (45) years imprisonment and a $5,000 fine on Count I and twenty (20) years imprisonment and a $5,000 fine on Count V.  During second stage proceedings, the state introduced Judgments and Sentences reflecting Petitioner's four (4) prior felony convictions.  On May 7, 1999, prior to Petitioner's formal sentencing hearing, defense counsel filed a "motion to modify sentencing."  See Dkt. # 7, State Court Record at 120.  In the motion, defense counsel argued that 3 of Petitioner's 4 prior convictions had been reversed and that, as a result, Petitioner had only one (1) valid prior felony conviction.  On May 20, 1999, at Petitioner's sentencing hearing, the State conceded that two (2) of Petitioner's prior convictions were invalid. See Dkt. # 8, Ex. B at 18-19. As a result, the trial court determined that two (2) prior felonies, those reflected in State's Exhibits 8 and 9, remained for enhancement.  See id.  However, because the jury had considered four (4) prior felony convictions in making its sentencing recommendation, the trial court judge modified the recommended sentence on Count I to twenty (20) years imprisonment and a fine of $5,000 and ordered the sentence to be served concurrently with the twenty (20) year sentence imposed for Count V. See id.

Petitioner appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA").  On June 6, 2000, the OCCA entered its unpublished summary opinion affirming the Judgment and Sentence of the trial court.  (Dkt. # 8, Ex. C).  Nothing in the record suggests that Petitioner filed a petition for a writ of certiorari in the United States Supreme Court.

On April 9, 2001, Petitioner filed his first application for post-conviction relief (Dkt. # 8, Ex. D) in the state district court.  By order filed May 14, 2001 (Dkt. # 8, Ex. E), the state district court denied post-conviction relief.  Petitioner appealed.  By Order filed August 30, 2001, in PC-2001-763 (Dkt. # 1, attachment), the OCCA declined jurisdiction and dismissed the appeal as untimely.

On October 16, 2001, Petitioner filed a second application for post-conviction relief requesting a post-conviction appeal out of time.[1]  By order filed October 24, 2001 (Dkt. # 1, attachment), the state district court denied the requested relief.  Petitioner appealed.  By order filed March 11, 2002, in PC-2001-1387 (Dkt. # 1, attachment; Dkt. # 8, Ex. F), the OCCA exercised jurisdiction, despite the state district court's ruling, and affirmed the district court's denial of post-conviction relief.  See id.

On June 14, 2002, Petitioner, appearing *pro se*, filed his federal petition for writ of habeas corpus (Dkt. # 1) and supporting brief (Dkt. # 2). On August 14, 2002, Respondent filed a response (Dkt. # 8), addressing Petitioner's claims and asserting that habeas corpus relief should be denied based on § 2254(d).  After Respondent filed his response, attorney Charles Fox entered his appearance (Dkt. # 11) on behalf of Petitioner and requested an extension of time to file a reply to Respondent's response.  The Court granted additional time for the filing of a reply.  See Dkt. # 13.  However, attorney Fox never filed the reply.  After allowing attorney Fox to withdraw from representing Petitioner, the Court granted leave to Petitioner to file his *pro se* reply out of time.  Petitioner filed his reply (Dkt. # 24) on December 30, 2004.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

---

[1]Information obtained from www.oscn.net.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D).  In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

As determined in the Order filed June 26, 2006 (Dkt. # 27), it appears that unless Petitioner demonstrates entitlement to statutory or equitable tolling of the limitations period, the petition filed June 14, 2002, is untimely.  Petitioner's conviction became final on September 4, 2000, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).  As a result, his one-year limitations clock began to run on September 4, 2000, and, absent a tolling event, a federal petition for writ of habeas corpus filed after September 4, 2001, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had

4

"a properly filed application for State post-conviction or other collateral review" pending in the state courts.  The record demonstrates that on April 9, 2001, or 148 days prior to the September 4, 2001, deadline, Petitioner filed his first application for post-conviction relief.  (Dkt. # 8, Ex. D). Pursuant to § 2244(d)(2), the limitations clock stopped running on April 9, 2001, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding. The district court denied relief by order entered May 14, 2001. (Dkt. # 8, Ex. E). Petitioner did not properly commence a post-conviction appeal as provided under Oklahoma law.[2] Therefore, his first post-conviction appeal was not "properly filed" as required for tolling under § 2244(d)(2).  However, the limitations clock did not begin to run again until the thirty (30) day time period for filing a proper post-conviction appeal had lapsed.  See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) (holding that the limitations period is tolled for the thirty days during which a petitioner could have filed a timely appeal of the state court's denial of an application for post-conviction relief).  The limitations clock began to run again thirty (30) days after the state district court denied post-conviction relief, or on June 13, 2001. Thus, the federal limitations period was tolled from April 9, 2001, through June 13, 2001.  Once the limitations clock began to run again, Petitioner had to file his federal petition within 148 days, the time remaining in his one-year period, or by November 8, 2001.

However, on October 16, 2001, or 23 days prior to the November 8, 2001, deadline, Petitioner filed his second application for post-conviction relief in the state district court requesting

---

[2]In dismissing the first post-conviction appeal, the OCCA cited Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, and found that "by reason of Petitioner's failure to properly invoke the jurisdiction of this Court by the filing of a timely petition in error or brief, the Court **DECLINES** appellate jurisdiction over Petitioner's attempted post-conviction appeal and **DISMISSES** his appellate pleadings of June 18, 2001." (Dkt. # 1, attachment).

a post-conviction appeal out of time.  See Docket Sheet for Tulsa County District Court, Case No. CF-1996-4128, www.oscn.net.  Pursuant to § 2244(d)(2), the limitations clock again stopped running on October 16, 2001, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding.  The district court denied relief by order entered October 30, 2001.  (Dkt. # 1, attachment).  Petitioner perfected a timely post-conviction appeal.  By Order filed March 11, 2002, the OCCA affirmed the denial of post-conviction relief.[3] (Dkt. # 1, attachment; Dkt. # 8, Ex. F). The federal limitations period was again tolled, from October 16, 2001, through March 11, 2002.  The limitations clock began to run again on March 11, 2002, and Petitioner had to file his federal petition within the 23 days remaining in the limitations period, or by April 3, 2002.

        The petition in this matter was not received for filing until June 14, 2002.  Petitioner indicated in his certificate of service that he mailed the petition on June 12, 2002.  See Dkt. # 1.  As a result, under the Prisoner Mailbox Rule, the earliest date of filing for the petition is June 12, 2002, or more than two (2) months beyond the April 3, 2002, deadline.  Accordingly, the petition appears to be untimely and is subject to dismissal.

        In response to the Court's Order filed June 26, 2006 (Dkt. # 27), Petitioner concedes that the Court's calculations are accurate.  See Dkt. # 28.  However, he argues that he should be credited with additional time under 28 U.S.C. § 2244(d)(1)(B) because prison officials created an impediment to the filing of his petition when they stole "all of Petitioner's work products, copies

---

[3]The Court notes that even if the OCCA granted Petitioner's request for a post-conviction appeal out of time prior to entering its ruling in Petitioner's second post-conviction appeal, Petitioner would not be entitled to tolling of the entire period his two post-conviction proceedings were pending. See Gibson v. Klinger, 232 F.3d 799, 804-05 (10th Cir. 2000) (determining that the state appellate court's decision to grant a post-conviction appeal out of time and decide the case on the merits did not transform all of the petitioner's state filings into one "properly filed" application).

6

of public record cases filed in courts, which Petitioner had compiled over the past year." He also alleges that the Clerk of the OCCA caused additional delay by losing his pauper's affidavit submitted as part of his post-conviction appeal.  In addition, Petitioner claims that pursuant to 28 U.S.C. § 2244(d)(2), he is entitled to tolling of the limitations period during the pendency of a 42 U.S.C. § 1983 civil rights complaint filed in the United States District Court for the Western District of Oklahoma, Case No. CIV-01-320-R.  The Court shall address each of Petitioner's arguments.

**Impediment created by unconstitutional State action under 28 U.S.C. § 2244(d)(1)(B)**

Petitioner claims that prison officials confiscated legal work which he "intended to utilize in filing his Habeas Corpus and post-conviction relief application." See Dkt. # 28.  He further claims that he had been ready to file his application for post-conviction relief in November, 2000, but that the "unconstitutional and illegal theft of his documentation by the State officials . . . hindered, impeded, and delayed Petitioner from filing until April 9, 2001." Id. Petitioner asserts that his delay should be excused under § 2244(d)(1)(B).  That statute provides that the limitations period may begin to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was *prevented* from filing by such State action." 28 U.S.C. § 2244(d)(1)(B) (emphasis added).

The Court finds that Petitioner is not entitled to additional time under § 2244(d)(1)(B) for several reasons. First, the plain language of 28 U.S.C. § 2244(d)(1)(B) makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition. Even though Petitioner claims that much of his legal work was confiscated by prison officials, the Court finds that the loss of his legal work did not *prevent* Petitioner from filing his federal habeas corpus petition. At most,

7

the loss may have caused a delay in his ability to file his petition.[4]   Petitioner has failed to demonstrate that the confiscated legal work was essential for completion of the petition.  Petitioner alleges that prison officials took all legal materials which did not bear his name.  That allegation implies that Petitioner was allowed to retain paperwork which bore his name. Although mere notice pleading is not sufficient in the habeas corpus context, see <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977), there is no requirement that a habeas petitioner cite to legal authority supporting his grounds for relief.  Rather, Rule 2(c), *Rules Governing § 2254 Cases*, provides that a petitioner need only "set forth in summary form the facts supporting each of the grounds" specified in the petition. In this case, the actions of the prison officials should not have hindered Petitioner's ability to prepare and file a petition providing sufficient factual support for his claims.  If Petitioner needed additional time to conduct legal research on any ground of error, he could have simply requested additional time from the Court after he filed his petition.  The Court finds the confiscation of legal materials from Petitioner was not an impediment which prevented Petitioner from filing his petition, and § 2244(d)(1)(B) does not apply to this case.

The Court also rejects Petitioner's allegation that the loss of his pauper's affidavit by the Clerk of the OCCA was an impediment to the filing of a timely habeas petition caused by an unconstitutional State action.  Accepting as true Petitioner's claim that his pauper's affidavit was lost by the Clerk of the OCCA, the action may reflect at most negligence by the Clerk, but does not rise to the level of an unconstitutional action.  Furthermore, the alleged acts by the Clerk of the OCCA, including the Clerk's delay in communicating with Petitioner, did not prevent the filing of

---

[4]The Court notes that shortly after the loss of his legal work, Petitioner was able to file a 42 U.S.C. § 1983 civil rights complaint in the United States District Court for the Western District of Oklahoma, Case No. CIV-01-320-R, on February 20, 2001.  <u>See</u> Dkt. # 28, attachment.

a timely habeas petition.  Petitioner's one-year limitations period was tolled during the pendency of any properly filed post-conviction proceedings. Had Petitioner pursued his habeas corpus claims diligently, he would have had time to file his petition before the deadline.  As set out above, the OCCA dismissed Petitioner's first post-conviction appeal as untimely on August 30, 2001.  At that point, seventy (70) days remained in Petitioner's one year period.  On October 16, 2001, or more than six (6) weeks later, Petitioner filed a second application for post-conviction relief seeking a post-conviction appeal out of time.  The limitations clock stopped running with only twenty-three (23) days remaining.  After the OCCA concluded post-conviction review on March 11, 2002, Petitioner allowed another three (3) months to pass before filing his federal petition.  Petitioner cannot blame the Clerk of the OCCA for those delays.  The Court concludes that Petitioner has failed to demonstrate that he is entitled to additional time under § 2244(d)(1)(B).

**B.  Tolling under § 2244(d)(2)**

As his final argument, Petitioner asserts that he entitled to tolling of the limitations period under 28 U.S.C. § 2244(d)(2) for the time his 42 U.S.C. § 1983 civil rights complaint was pending in the United States District Court for the Western District of Oklahoma.  Section 2244(d)(2) provides as follows:

> [t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  Petitioner's argument fails because a 42 U.S.C. § 1983 action filed in federal court is not an "application for State post-conviction or other collateral review."  First, the civil rights complaint was not filed in state court.  Second, the complaint did not in any way seek review of Petitioner's convictions and sentences entered in Tulsa County District Court, Case No.

CF-1999-4128.  Petitioner is not entitled to tolling of the limitations period under 28 U.S.C. § 2244(d)(2) for the time his civil rights complaint was pending in federal court.

### *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period.  Therefore, the petition for writ of habeas corpus shall be dismissed with prejudice as time barred.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by the statute of limitations.

DATED THIS 30th day of August, 2006.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE